UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| TRAVIS D. MILLER, | ) Civil Action No. 4:25-cv-0188-SAL-TER |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) |
| | ) **REPORT AND RECOMMENDATION** |
| | ) |
| GREENVILLE COUNTY, GREENVILLE | ) |
| COUNTY DEPARTMENT OF PUBLIC | ) |
| SAFETY, GREENVILLE COUNTY | ) |
| DETENTION CENTER, and JOHN | ) |
| VANDERMOSTEN, as Assistant County | ) |
| Administrator of Greenville County, | ) |
| | ) |
| Defendants. | ) |
| | ) |

**I.     INTRODUCTION**

Plaintiff originally filed this action in state court, alleging causes of action for "Violation of the South Carolina Constitution § 15–Cruel and Unusual Punishment," Negligence/Gross Negligence/Reckless Conduct, Negligent Supervision, Hiring, and/or Training, and Intentional Infliction of Emotional Distress. Defendants removed the action to this Court on January 10, 2025, and filed an Answer (ECF No. 2), and a Motion to Dismiss (ECF No. 3). Plaintiff has not filed a response to Defendants' Motion to Dismiss and his time to do so has expired. All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d), DSC. This report and recommendation is entered for review by the District Judge.

**II.     FACTUAL ALLEGATIONS**

At all times relevant to this action, Plaintiff was an inmate at the Greenville County

Detention Center (GCDC). Compl. ¶ 22 (ECF No. 1-1). On January 31, 2023, Plaintiff was attacked by another inmate who stabbed him in the head numerous times with an unknown object in front of guards. Compl. ¶¶ 19, 23. Plaintiff alleges that he received inadequate medical care following the attack and was released back to the general population. Compl. ¶ 5. As a result of the attack, Plaintiff suffered physical and emotional injuries. Compl. ¶ 30. Plaintiff alleges that defendants knew or should have known about the object that was used to stab Plaintiff but took no action to prevent the attack. Compl. ¶ 25. He further alleges that Defendants' unconstitutional actions and/or omissions were taken pursuant to the customs, policies, practices, and/or procedures of the Greenville County Department of Public Services (GCDPS) and the GCDC, including teaching and tolerating the improper care and handling of inmates, creating unnecessary risks of harm with deliberate indifference, improperly documenting or covering-up violations of basic care, and allowing, tolerating, or encouraging the mistreatment of inmates. Compl. ¶ 34. He also alleges that Defendants failed to properly hire, train, instruct, monitor, supervise, evaluate, and discipline correctional officers and medical and security staff at the GCDC. Compl. ¶ 35.

### III.     STANDARD OF REVIEW

Defendants move to dismiss certain claims in this action pursuant to Fed.R.Civ.P. 12(b)(6). A Rule 12(b)(6) motion examines whether Plaintiff has stated a claim upon which relief can be granted. The United States Supreme Court has made clear that, under Rule 8 of the Federal Rules of Civil Procedure, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. See Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). The reviewing court need only accept as true the complaint's factual

allegations, not its legal conclusions. Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 555.

Expounding on its decision in Twombly, the United States Supreme Court stated in Iqbal:

> [T]he pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement."
>
> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

Iqbal, 556 U.S. at 677-78 (quoting Twombly, 550 U.S. at 555, 556, 557, 570) (citations omitted); see also Bass v. Dupont, 324 F.3d 761, 765 (4th Cir.2003).

## IV.   DISCUSSION

### A.   Federal Law Cause of Action

Even though Plaintiff labels his first cause of action as "Violation of the South Carolina Constitution § 15–Cruel and Unusual Punishment," he cites to 42 U.S.C. § 1983.[1] Accordingly, Defendants removed the action to this court pursuant to 28 U.S.C. § 1441, asserting federal question jurisdiction under 28 U.S.C. § 1331 and supplemental jurisdiction under 28 U.S.C. § 1367. At the same time as the removal, Defendants also filed the present Motion to Dismiss the § 1983 cause of action, among others, and consented to a remand of the remaining state law claims. As stated above,

---

[1] "The South Carolina Constitution does not provide for monetary damages for civil rights violations and the legislature has not enacted an enabling statute" like 42 U.S.C. § 1983 for violations of the Federal Constitution. Palmer v. State, 829 S.E.2d 255, 261 (S.C. Ct. App. 2019); Singleton v. S.C. Dep't of Corr., No. 9:22-cv-00940-JD-MHC, 2023 WL 5155937, at *7 (D.S.C. July 12, 2023), adopted by, 2023 WL 5155729 (D.S.C. Aug. 10, 2023).

Plaintiff did not respond to the motion.

Section 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" Albright v. Oliver, 510 U.S. 266, 271, 114 S.Ct. 807, 127 L.Ed.2d 114 (1994) (quoting Baker v. McCollan, 443 U.S. 137, 144, n. 3, 99 S.Ct. 2689, 61 L.Ed.2d 433 (1979)). A legal action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." City of Monterey v. Del Monte Dunes at Monterey, Ltd., 526 U.S. 687, 707, 119 S.Ct. 1624, 143 L.Ed.2d 882 (1999). To be successful on a claim under § 1983, a plaintiff must establish two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988).

Plaintiff refers to all Defendants with respect to his § 1983 claim. With respect to Defendant Vandermosten, Plaintiff alleges that he was at all times acting under color of state law and in the course and scope of his duties as Assistance County Administrator for the GCDPS, Compl. ¶ 14, and that he "had responsibility for the management, training, and operation of his agency, as well as responsibility for the actions of all of his correctional officers and medical providers employed through GCDC." Compl. ¶ 11. However, his complaint does not contain any factual allegations regarding Vandermosten's personal involvement in the alleged violations of Plaintiff's constitutional rights.

The doctrines of vicarious liability and respondeat superior are generally not applicable to § 1983 suits. Iqbal, 556 U.S. at 676 ("Because vicarious liability is inapplicable to ...§ 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual

actions, has violated the Constitution."). There is a limited exception that allows for supervisory liability as long as the facts alleged meet the Fourth Circuit Court of Appeal's three-part test for supervisor liability under § 1983: (1) that the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed "a pervasive and unreasonable risk" of constitutional injury to citizens like the plaintiff; (2) that the supervisor's response to that knowledge was so inadequate as to show "deliberate indifference to or tacit authorization of the alleged offensive practices"; and (3) that there was affirmative causal link between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff. Shaw v. Stroud, 13 F.3d 791 (4th Cir. 1994). The complaint in this case does not identify the correctional officers who allegedly failed to prevent the attack on Plaintiff or the personnel who failed to provide Plaintiff with adequate medical care, much less allege that Vandermosten had actual or constructive knowledge that the subordinate was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury. Plaintiff's conclusory allegations are insufficient to state a § 1983 claim against Vandermosten. Therefore, summary judgment is appropriate.

With respect to Defendants Greenville County, GCDPS, and GCDC, Defendants first argue that they are one in the same because GCDPS and GCDC are divisions of Greenville County. Thus, Defendants argue, Greenville County is the only proper Defendant. Further, a local government entity may be sued under § 1983 only "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury" to the plaintiff. Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658, 694 (1978). "A policy or custom for which a municipality may be held liable can arise in four ways: (1) through an express policy, such as a written ordinance or regulation; (2) through the decisions

of a person with final policymaking authority; (3) through an omission, such as a failure to properly train officers, that manifests deliberate indifference to the rights of citizens; or (4) through a practice that is so persistent and widespread as to constitute a custom or usage with the force of law." Lytle v. Doyle, 326 F.3d 463, 471 (4th Cir. 2003). Regardless of which theory a plaintiff proceeds under, all Monell claims require three elements: (1) identity of a specific "policy or "custom"; (2) attribution of the policy, and fault for its creation, to the municipality; and (3) an "affirmative link" between an identified policy or custom and a specific rights violation. Spell v. McDaniel, 824 F.2d 1380, 1389 (4th Cir. 1987).

As set forth above, Plaintiff alleges that Defendants had a policy or custom of teaching and tolerating the improper care and handling of inmates, creating unnecessary risks of harm with deliberate indifference, improperly documenting or covering-up violations of basic care, and allowing, tolerating, or encouraging the mistreatment of inmates. Compl. ¶ 34. However, Plaintiff includes no factual allegations to support these conclusory statements. He does not identify any specific policy that resulted in the alleged constitutional violation. Further, to sufficiently allege a custom, Plaintiff must allege sufficient factual matter regarding a persistent and widespread practice that plausibly permits the inference that Defendants had actual or constructive notice of the practice. Owens v. Baltimore City State's Att'ys Off., 767 F.3d 379, 402 (4th Cir. 2014); Lytle v. Doyle, 326 F.3d 463, 471 (4th Cir. 2003). "By only alleging facts related to that practice on [January 21, 2023] (and thereafter) Plaintiff has not satisfied h[is] pleading burden." Ransom v. Page, No. 7:23-CV-00166-M, 2025 WL 77897, at *12 (E.D.N.C. Jan. 10, 2025) (citing Connick v. Thompson, 563 U.S. 51, 63 n.7 (2011)).

Plaintiff also alleges that Defendants failed to properly hire, train, instruct, monitor,

supervise, evaluate, and discipline correctional officers and medical and security staff at the GCDC. Compl. ¶ 35. Plaintiff does not include any facts with respect to these allegations either. For the same reasons set forth above with respect to Defendant Vandermosten, the factual allegations in the complaint are insufficient to allege a Monell claim against the municipality for failure to monitor or supervise.

Next, "when alleging an inadequate training policy, a complaint should contain facts revealing: (1) the nature of the training, (2) that the training was a 'deliberate or conscious' choice by the municipality, and (3) that the officer's conduct resulted from said training," to establish liability under § 1983. Jones v. Chapman, No. CIV.A. ELH-14-2627, 2015 WL 4509871 (D. Md. July 24, 2015) (internal citations omitted). There are insufficient factual allegations in the record to support such a claim for a failure to train or instruct.

In addition, a failure to evaluate or discipline an officer after the alleged constitutional violation has occurred does not give rise to Monell liability because there must be an "affirmative link" between an identified policy or custom and a specific rights violation. Spell, 824 F.2d at 1389 (4th Cir. 1987). Plaintiff alleges that "the details of this incident have since been revealed to the authorized policy makers within GCDPS and GCDC and that such policy makers have direct knowledge of improper actions. Notwithstanding this knowledge, the authorized policy makers within GCDPS and GCDC have simply ignored these improper actions, have approved of Defendants' actions, and/or have made a deliberate choice to endorse this improper behavior and mistreatment." Compl. ¶ 36. However, where "post-facto approval ... cannot possibly have caused the constitutional violation," Franklin v. City of Charlotte, 64 F.4th 519, 537 (4th Cir. 2023), no liability can stand. "Without the opportunity to reverse a prior unconstitutional act, subsequent

municipal inaction cannot fairly be described as 'the moving force behind the injury of which the plaintiff complains.'" Fox v. City of Greenville, No. 4:23-CV-00133-M, 2024 WL 3093583, at *6–7 (E.D.N.C. June 21, 2024) (citing Board of Cnty. Comm'rs of Bryan Cnty., Okl. v. Brown, 520 U.S. 397, 405 (1997)). To the extent Plaintiff is alleging that past failures to discipline ultimately resulted in his injuries, he fails to allege any instances of previous failures to discipline. Finally, there are no factual allegations regarding the hiring of officers or medical staff in the complaint that would give rise to a claim under Monell.

In sum, Plaintiff has failed to allege any plausible federal claims in this case. The plausibility standard requires a plaintiff to articulate facts that, when accepted as true, "show" that the plaintiff has stated a claim entitling him to relief. Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir.2009) (quoting Iqbal, 129 S.Ct. at 1949; Twombly, 550 U.S. at 557). The factual allegations in the present complaint are slim. At most, Plaintiff's complaint attributes, in conclusory fashion, alleged wrongful actions of an unnamed person or persons to Greenville County. The Court "need not accept the [plaintiff's] legal conclusions drawn from the facts," nor need it "accept as true unwarranted inferences, unreasonable conclusions, or arguments." Kloth v. Microsoft Corp., 444 F.3d 312, 319 (4th Cir.2006). Accordingly, dismissal of Plaintiff's § 1983 claim is appropriate.

### B.        State Law Causes of Action

Plaintiff also asserts state law causes of action for negligence/gross negligence/reckless conduct, negligent supervision, hiring, and/or training, and intentional infliction of emotional distress. However, 28 U.S.C. § 1367(c)(3) provides, in pertinent part, "[t]he district courts may decline to exercise supplemental jurisdiction over a claim ... if ... the district court has dismissed all claims over which it has original jurisdiction...." The Fourth Circuit has recognized that "trial

courts enjoy wide latitude in determining whether or not to retain jurisdiction over state claims when all federal claims have been extinguished." Shanaghan v. Cahill, 58 F.3d 106, 110 (4th Cir.1995) (holding district court did not abuse its discretion in declining to retain jurisdiction over the state law claims). See also, e.g., United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726–27, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966); Revene v. Charles County Comm'rs, 882 F.2d 870, 875 (4th Cir.1989). In determining whether to retain jurisdiction, courts consider "the convenience and fairness to the parties, existence of any underlying issues of federal policy, comity, and considerations of judicial economy." Shanaghan, 58 F.3d at 110. Here, the undersigned recommends that the district judge decline to retain supplemental jurisdiction over Plaintiff's state law claims. There are no issues of federal policy underlying the remaining state law claims. In addition, comity favors remand since the remaining claims are quintessential state law questions. In United Mine Workers of America v. Gibbs, 383 U.S. 715, 726, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966), the Supreme Court cautioned that "[n]eedless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a superfooted reading of applicable law. . . . if the federal law claims are dismissed before trial ... the state claims should be dismissed as well." Accordingly, should the district judge accept the recommendation with respect to Plaintiff's federal claim, it is recommended that the court decline to exercise jurisdiction over the remaining state law claims and remand this case to the Court of Common Pleas, Greenville, South Carolina.[2]

---

[2] In the present motion, Defendants also move to dismiss Plaintiff's intentional infliction of emotional distress claim as well as certain Defendants from the other causes of action, but consents to remand of the remaining state law claims. Nevertheless, because dismissal is appropriate for the sole federal cause of action in this case, it is likewise appropriate to allow the

**V.        CONCLUSION**

For the reasons discussed above, it is recommended that Defendants' Motion to Dismiss (ECF No. 4) be granted as to Plaintiff's § 1983 claim and that the case be remanded to the Court of Common Pleas for Greenville County.

s/Thomas E. Rogers, III  
Thomas E. Rogers, III  
United States Magistrate Judge

February 24, 2025  
Florence, South Carolina

---

state court to address all remaining state law claims.