IN THE UNITED STATES DISTRICT COURT
FOR DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Travis D. Miller,<br><br>    Plaintiff,<br><br>v.<br><br>Greenville County, Greenville County Department of Public Safety, Greenville County Detention Center, and John Vandermosten, as Assistant County Administrator of Greenville County,<br><br>    Defendants. | C/A No. 4:25-cv-0188-SAL-TER<br><br><br>**ORDER** |

Travis D. Miller ("Plaintiff"), through counsel, filed this action in state court against the named defendants ("Defendants"), who subsequently removed it to this court. This matter is now before the court on the Report and Recommendation ("Report") by United States Magistrate Judge Thomas E. Rogers, III, who reviewed this case pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). [ECF No. 7]. The magistrate judge recommends dismissing Plaintiff's claim under 42 U.S.C. § 1983 and remanding all remaining claims to the Greenville County Court of Common Pleas.[1] As set forth in the ten-page Report, multiple grounds support the dismissal of Plaintiff's § 1983 claim. Attached to the Report was a notice advising Plaintiff and counsel of the procedures and requirements for filing objections to the Report and the serious consequences if

---

[1] Although the magistrate judge claimed in error that summary judgment was appropriate for Plaintiffs claim under 42 U.S.C. § 1983 against Defendant Vandermosten, *see* ECF No. 7 at 5, the magistrate judge consistently applied the appropriate standard under Fed. R. Civ. P. 12(b)(6). Accordingly, the court modifies that conclusion—for the same reasons in the Report, the conclusory allegations against Vandermosten are insufficient to state a § 1983 claim, and dismissal is appropriate.

1

they failed to do so. *Id.* at 11. Plaintiff has not filed objections, and the time for doing so has expired.

The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court is charged with making a *de novo* determination of only those portions of the Report that have been specifically objected to, and the court may accept, reject, or modify the Report, in whole or in part. 28 U.S.C. § 636(b)(1). In the absence of objections, the court is not required to provide an explanation for adopting the Report and must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).

After reviewing the Report, the applicable law, and the record of this case in accordance with the above standard, the court finds no clear error, **ADOPTS** the Report as modified above, ECF No. 7, and incorporates it by reference. As a result, Plaintiff's claim under 42 U.S.C. § 1983 is **DISMISSED**, and the matter is **REMANDED** to the Greenville County Court of Common Pleas for further proceedings.

**IT IS SO ORDERED.**

March 18, 2025  
Columbia, South Carolina

Sherri A. Lydon  
United States District Judge